IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


JACK A. BURGE, II                                                                                          PLAINTIFF


v.                                              CIVIL NO. 23-cv-4004


MARTIN J. O'MALLEY, Commissioner                                                       DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Jack A. Burge, II, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his applications for DIB and SSI on April 5, 2018. (Tr. 72). In his applications, Plaintiff alleged disability beginning on April 5, 2018, due to heat stroke, pars disease, a cracked spinal cord, bipolar, arthritis, a left rotator cuff tear, cervical spine problems, right knee problems, numbness in both hands and fingers, right arm numbness, and COPD. (Tr. 72, 313). An administrative hearing was held via telephone on May 6, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 98–124). A vocational expert ("VE") also testified. *Id*.

On February 9, 2022, the ALJ issued an unfavorable decision. (Tr. 69–89). The ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2021. (Tr. 75).

1

The ALJ found Plaintiff suffered from the severe impairments of degenerative disc disease status post cervical anterior discectomy and fusion, osteoarthritis, left shoulder torn rotator cuff, obesity, and chronic obstructive pulmonary disease. (Tr. 75–77). The ALJ found that Plaintiff also suffered from the medically determinable but nonsevere impairments of sleep apnea, hypertension, and gastroesophageal reflux disease. The ALJ found that Plaintiff did not have an impairment, or combination of impairments, that met or medically equaled the severity of any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 77). The ALJ found that Plaintiff had the RFC to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except for lifting and carrying 20 pounds occasionally and 10 pounds frequently; sitting, standing, and walking for 6 hours; and pushing/pulling as much as [he] can lift/carry. The claimant can perform only occasional reaching overhead to the left and occasional reaching overhead to the right.  The claimant can climb ramps and stairs occasionally, but can never climb ladders, ropes, or scaffolds.  He can only occasionally stoop, kneel, crouch, or crawl.  The claimant must avoid concentrated exposure to dust, odors, fumes, and pulmonary irritants.
> (Tr. 77–87)

With the assistance of the VE, the ALJ found Plaintiff would be able to perform his past relevant work as an assistant manager, furniture sales representative, and as a retail sales representative. (Tr. 87). The ALJ found that Plaintiff could also perform the representative occupations of warehouse checker, office helper, and router/dispatcher. The ALJ found Plaintiff had not been disabled as defined by the Act from April 5, 2018, through February 9, 2022, the date of the decision.  (Tr. 23–24).

Subsequently, Plaintiff filed this action. (ECF No. 2).  This case is before the undersigned pursuant to the consent of the parties. (ECF No. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 12, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following points on appeal: 1) whether the ALJ's RFC finding was supported by substantial evidence; 2) whether the ALJ erred by failing to properly assess Plaintiff's morbid obesity; and 3) whether the ALJ erred by failing to afford proper weight to the opinions of Plaintiff's treating specialists. (ECF No. 21). Defendant argues the ALJ's RFC findings were supported by substantial evidence, and that the ALJ considered Plaintiff's alleged limitations, subjective complaints, objective findings including imaging, treatment records, and opinion evidence in formulating her RFC findings. (ECF No. 14). Defendant argues the ALJ considered Plaintiff's obesity, finding it was a severe impairment at step two and properly considering it in the RFC findings. Finally, Defendant argues the ALJ correctly considered the opinion evidence, appropriately discounting some of the opinions offered by Dr. Jeffry DeHaan

as his opinions were inconsistent with each other and were provided as conclusory checkmark form assessments.

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. The ALJ's assessment of Plaintiff's impairments and the limitations he experienced were well reasoned, and consistent with the record as a whole. The ALJ considered Dr. DeHaan's opinions and provided clear and appropriate reasons for finding the opinions unpersuasive. For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 3rd day of January 2024.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE